UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cr-00050-KDB-SCR

| | |
|---|---|
| RAUL RANGEL-GUTIERREZ, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court for an initial screening of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 24].

**I.    PROCEDURAL BACKGROUND**

On July 2, 2019, Petitioner Raul Rangel-Gutierrez ("Petitioner") pleaded guilty to one count of distribution of and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count One) and one count of illegal reentry in violation of 8 U.S.C. § 1326(a). [Doc. 1: Bill of Information; Doc. 2: Plea Agreement; 7/2/2019 Minute Entry]. On November 12, 2019, this Court sentenced Petitioner to a term of imprisonment of 120 months on Count One and a term of imprisonment of 24 months on Count Two, to run concurrently. [Doc. 18 at 2: Judgment]. Judgment was entered on November 13, 2019. [Id.]. Petitioner did not file a direct appeal. As such, Petitioner's conviction became final for purposes of seeking relief under § 2255 on November 27, 2019, when his deadline to appeal expired. Fed. R. App. P. 4(b)(1)(A); see United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires). Petitioner,

however, did not file the pending motion to vacate until April 11, 2024 [see Doc. 24 at 12], over four years later.

## II. DISCUSSION

Petitioner's Section 2255 motion appears to be untimely. Section 2255 imposes a one-year statute of limitations period for the filing of a motion to vacate:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, as noted, Petitioner's conviction became final for purposes of Section 2255(f) on November 27, 2019, when his deadline to appeal expired. Accordingly, the one-year period of limitations under Section 2255 expired on November 26, 2020. See 28 U.S.C. § 2255(f)(1). Petitioner did not mail his Section 2255 motion to vacate until April 11, 2024.

Because Petitioner did not address timeliness in his petition, the Court will grant Petitioner 20 days in which to explain why his petition should not be dismissed as untimely, including any reasons why equitable tolling[1] should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir.

---

[1] To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on

2

2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of Section 2255 petition).

## III. CONCLUSION

Because it appears that Petitioner's Section 2255 petition is time barred, the Court will grant Petitioner twenty (20) days in which to provide an explanation as to why the Section 2255 petition should not be dismissed as untimely, including any reasons why equitable tolling should apply.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner shall have twenty (20) days from entry of this Order in which to explain to the Court why his Section 2255 Motion to Vacate should not be dismissed as untimely. The failure to timely comply with this Order may result in dismissal of the petition without further notice to Petitioner.

**IT IS SO ORDERED.**

Signed: April 17, 2024

Kenneth D. Bell
United States District Judge

---

time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

3