THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cr-00050-KDB-SCR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | **O R D E R** |
| RAUL RANGEL-GUTIERREZ, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion for Equitable Tolling" [Doc. 27], which the Court construes as a response to its Braxton Order [Doc. 26], and Petitioner's Motion for Appointment of Counsel [Doc. 28].

### I. BACKGROUND

On July 2, 2019, Petitioner Raul Rangel-Gutierrez ("Petitioner") pleaded guilty to one count of distribution of and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count One) and one count of illegal reentry in violation of 8 U.S.C. § 1326(a). [Doc. 1: Bill of Information; Doc. 2: Plea Agreement; 7/2/2019 Minute Entry]. On November 12, 2019, this Court sentenced Petitioner to a term of imprisonment of 120 months on Count One and a term of imprisonment of 24 months on Count Two, to run concurrently. [Doc. 18 at 2: Judgment]. Judgment was entered on November 13, 2019. [Id.]. Petitioner did not file a direct appeal. As such, Petitioner's conviction became final for purposes of seeking relief under 28 U.S.C. § 2255 on November 27, 2019, when his deadline to appeal expired. Fed. R. App. P. 4(b)(1)(A); see United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires).

Petitioner, however, did not file the pending motion to vacate until April 11, 2024 [see Doc. 24 at 12], over four years later.

On April 17, 2024, the Court advised Petitioner that it appears that his motion is untimely under § 2255(f) and, under Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), allowed Petitioner 20 days to explain why his petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. [Doc. 26 (citations omitted)]. Petitioner timely responded to the Court's Braxton Order. [Doc. 27]. Petitioner argues that the Court should apply equitable tolling because he does not speak or read English "and was unable to communicate his issues to the Court." [Id. at 2; see Doc. 27-1 at ¶ 3 (attesting that he "do[es] not speak or read English well")]. Petitioner contends that, sometime after his sentencing, he sent a letter to the Court "asking to appeal his sentence," but attests that he "do[es] not remember the date of the letter."[1] [Id. at 2; Doc. 27-1 at ¶ 3]. He further claims that "this language barrier made it difficult for him to communicate with his attorney, and [he] assumed an appeal was filed on his behalf." [Id.; Doc. 27-1 at ¶ 3]. Petitioner attests that "[i]t wasn't until recently, that [he] was informed that nothing has been filed by [his] attorney on [his] behalf." [Doc. 27-1 at ¶ 3]. Finally, Petitioner attests that he "[has] been prevented by transfers" from finding out "if [his] appeal was pending," that his legal materials were lost, and he has not had access to legal assistance for Spanish-speaking inmates. [Id. at ¶ 4]. Petitioner has also moved for appointment of counsel largely restating the grounds he asserts in support of equitable tolling. [See Doc. 28].

## II. ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year

---

[1] No letter or any other filings from or on behalf of the Petitioner have been filed in this matter between the entry of Judgment and the pending motion to vacate.

statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, as noted, Petitioner's conviction became final for purposes of § 2255(f)(1) on November 27, 2019, when his deadline to appeal expired. Accordingly, the one-year period of limitations under § 2255 expired on November 26, 2020. See 28 U.S.C. § 2255(f)(1). Petitioner did not mail his § 2255 motion to vacate until April 11, 2024. [Doc. 24 at 12]. As such, it is untimely under § 2255(f)(1).

To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" U.S. v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S.Ct. 1605, 158 L.Ed.2d 248 (2004)). A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Circumstances are beyond a prisoner's control if he has been prevented in some extraordinary way from exercising his rights. See Smith v. McGinnis, 208 F.3d

3

13 (2d Cir.) cert. denied, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000). Unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.), cert. denied, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999). Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling. Akins v. United States, 204 F.3d 1086 (11th Cir.), cert. denied, 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000). Rather, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

Petitioner argues that he is entitled to equitable tolling because he does not speak or read English "well," he "assumed" his attorney had filed an appeal on his behalf, he has not had access to Spanish-language legal assistance at his correctional institutions, and he was prevented by transfers from learning whether he had an appeal pending.

These facts, if true, do not rise to the necessary level to warrant the extraordinary remedy of equitable tolling. "Even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." Sosa, 364 F.3d 507, 512 (4th Cir. 2004). While the Fourth Circuit has not explicitly addressed the issue, district courts here have consistently held that a prisoner's inability to speak English is insufficient to warrant equitable tolling. See Aviles-Negron v. Massey, No. 1:11-cv-904, 2013 WL 1314602, at *4 (M.D.N.C. Mar. 28, 2013) (collecting cases); Bustos v. Faulkenbery, No. 2:06-cv-1205, 2007 WL 540324, at *3 (D.S.C. Feb. 15, 2007) (finding a petitioner's "limited grasp of the English language" "does not amount to extraordinary circumstance excusing [his] delay"); Furr v. Robinson, No. 3:99-cv-666, 2000 WL 152147, at *2

4

(E.D. Va. Jan. 13, 2000) ("Even if the prisoner does not speak the English language fluently and takes several years reviewing his court records to find grounds for an appeal…, this falls short of the extraordinary circumstances needed to toll the one-year limitation period under AEDPA."). See also United States v. Montano, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005) (rejecting position that the one-year, post-conviction filing limit "should be equitably tolled due to [a petitioner's] difficulties with the English language"); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (holding that a petitioner's struggles navigating the legal process due to "illiteracy" fail to qualify as an extraordinary circumstance sufficient to trigger equitable tolling). Consistent with these holdings, the Court concludes that language-related difficulties are not an extraordinary circumstance warranting application of equitable tolling.

Additionally, the Court finds that Petitioner has failed to show that he has been diligently pursuing his rights. Petitioner alleges only that at some unidentified time "after sentencing" he sent a letter to the Court, which the Court did not receive, "asking to appeal his sentence;" that a language barrier made it difficult for him to communicate with his attorney; and that he "assumed" an appeal had been filed. [See Doc. 27 at 2]. While Petitioner alleges that he "tried to communicate [his] intention" to appeal "to [his] attorney," he does not allege how or when he made such attempt(s). As such, Petitioner fails to allege any particular action he took within the limitations period to pursue his rights, such as seeking to procure legal materials in his own language or translation services, and he only vaguely alleges that "[h]e has had to seek unreliable assistance from inmates to write letters to the court and his attorney." [Doc. 27 at 5]. Petitioner also fails to allege how he "recently" learned that an appeal had not been filed on his behalf or why he previously lacked this avenue of information. Finally, Petitioner states that, after learning an appeal had not been filed, he filed the pending motion to vacate "through the aid of another

5

inmate," but he fails to allege why such assistance was only now available, well over three years late. [See Doc. 27 at 5].

For these reasons, this Court concludes that Petitioner has failed to satisfy the very exacting requirements to avail himself of equitable tolling. As such, Petitioner's claim is untimely under § 2255(f) and he has not shown that equitable tolling should apply. The Court will, therefore, dismiss Petitioner's motion to vacate and deny Petitioner's motion for appointment of counsel as moot.

### III. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion is untimely and is denied and dismissed.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

### ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 24] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel [Doc. 28] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

The Clerk is respectfully instructed to re-docket Docket No. 27 as a response to the Court's Order at Docket No. 26 and to terminate the motion event.

**IT IS SO ORDERED.**

Signed: May 30, 2024

Kenneth D. Bell
United States District Judge